UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>    Petitioner,<br><br>    v.<br><br>D. DAVEY, Warden,<br><br>    Respondent. | Case No.: 1:16-cv-01375-DAD-JLT (HC)<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR FAILURE TO STATE COGNIZABLE CLAIM AND FAILURE TO EXHAUST<br><br>(Doc. 12)<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner filed a petition on September 16, 2016, challenging a disciplinary violation for refusing an order to accept a cellmate. On October 19, 2016, Respondent filed a motion to dismiss the petition for failure to state a claim and failure to exhaust state remedies. Petitioner has not filed an opposition. Based on the pleadings, the Court will recommend that Respondent's motion to dismiss be **GRANTED**.

**I.    DISCUSSION**

   A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

1

the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion. Id.

In this case, Respondent's motion to dismiss is based on failure to state a cognizable federal claim and failure to exhaust state remedies. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Failure to State a Cognizable Federal Claim

Respondent contends that the basis for Petitioner's claims, i.e., a due process violation at a prison disciplinary hearing resulting in loss of good-time credits, is not properly subject to federal habeas corpus jurisdiction because, as a prisoner serving an indeterminate sentence, Petitioner cannot establish that the adverse disciplinary finding would "necessarily spell speedier release." (Doc. No. 12.) The Court agrees with Respondent.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "[The Supreme] Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (citing Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005)). Conversely, if a "prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus . . . ." Nettles, 830 F.3d at 931 (internal citation omitted) (citing Skinner v. Switzer, 562 U.S. 521, 535 n. 13 (2011)).

With respect to prison disciplinary and administrative proceedings, it is established that a

constitutional claim concerning the application of rules administered by a prison or penal administrator that challenges the duration of a sentence is a cognizable claim of being in custody in violation of the Constitution pursuant to 28 U.S.C. § 2254. See, e.g., Superintendent v. Hill, 472 U.S. 445, 454 (1985) (determining a procedural due process claim concerning loss of time credits resulting from disciplinary procedures and findings). The Supreme Court has held that challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be raised in a federal habeas corpus action and not in a § 1983 action because such a challenge is to the very fact or duration of physical imprisonment, and the relief sought is a determination of entitlement of immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Nevertheless, it is also established in this circuit that where a successful challenge to a disciplinary hearing or administrative sanction will not necessarily shorten the overall length of confinement, then habeas jurisdiction is lacking. Recently, in Nettles, the Ninth Circuit considered a petition challenging a prison disciplinary action by a prisoner serving a life sentence who had already passed his minimum eligible parole release date. Nettles, 830 F.3d 922. The Ninth Circuit noted that the parole board could deny parole regardless of whether the disciplinary violation was expunged. Id. at 935. The appellate court held that habeas corpus jurisdiction was absent, because "success on Nettles's claims would not necessarily lead to his immediate or earlier release from confinement," and thus his "claim does not fall within 'the core of habeas corpus.'" Id. (quoting Skinner, 562 U.S. at 535 n. 13).

The same is true here. Petitioner is a life inmate whose release on parole depends on the parole board's discretion. Petitioner has been convicted of murder so he is ineligible to earn any credits to advance his minimum eligible parole date. Cal. Penal Code § 2933.2. Therefore, success on his petition would not necessarily lead to immediate or earlier release. Indeed, success would not necessarily even advance the date of his first parole hearing. Therefore, Petitioner's claims fall outside the core of habeas corpus. Respondent's motion to dismiss should be granted.

C. Exhaustion

Respondent also contends the petition is unexhausted because Petitioner has failed to first seek relief for his claims in the state courts. Petitioner did not oppose Respondent's assertion.

A petitioner who is in state custody seeking relief by way of a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Id. (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1 (1992) (factual basis).

Respondent's exhibits show that Petitioner has never filed a petition raising his claims in the California Supreme Court. (See Resp't's Mot., Exs. 2, 3.) Therefore, the petition is unexhausted and should be dismissed.

D.  Recharacterization of Petition

In Nettles, the Ninth Circuit held that a district court has the discretion to construe a habeas petition as a civil rights action under § 1983. Nettles, 830 F.3d at 936. However, recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition. Id. Here, the Court does not find recharacterization to be appropriate. Petitioner has not named the proper defendants and he is not seeking the correct relief. Accordingly, the Court should not exercise its discretion to recharacterize the action.

## II.    RECOMMENDATION

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss be GRANTED, and the petition be DISMISSED for failure to state a cognizable claim and failure to exhaust state remedies.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **March 1, 2017**                     **/s/ Jennifer L. Thurston**
                                                                   UNITED STATES MAGISTRATE JUDGE